IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 1:02-cr-00029-MP-AK
                                                              1:06-cr-00041-MP-AK

SHEILA GILLINS,

          Defendant.
_____/

## O R D E R

This matter is before the Court on Doc. 17, Motion for Psychiatric Exam, and Doc. 18,

Motion to Continue Trial, in case number 1:06-cr-00041, and Doc. 84 in case number 1:02-cr-

00029, Motion to Continue Disposition.  A hearing on these motions was held on Thursday,

February 1, 2007.  At the hearing, Defendant Gillins moved for the Court to order a

psychological examination pursuant to 18 U.S.C. §§ 4241 and 4242 to determine Defendant's

competency to stand trial and mental condition at the time of the charged offense.  A court must

order a hearing to determine the mental competency of a defendant "if there is reasonable cause

to believe that the defendant may presently be suffering from a mental disease or defect

rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. §

4241(a).  Defendant asserts that her mental condition at the time of the offense forms the crux of

her defense, and that an evaluation is necessary to prepare an adequate defense.  The

Government does not object.  Therefore, Defendant's motion is granted, a hearing on

Defendant's competency to stand trial and mental condition shall be conducted pursuant to the

provisions of section 18 U.S.C. § 4247(d), a psychological examination of the Defendant shall be

conducted by Dr. Harry Krop prior to the date of the hearing, and Dr. Krop shall file the psychological report with the Court, with copies provided to Defendant's counsel and to the attorney for the Government, pursuant to the provisions of section 18 U.S.C. § 4247 (b) and (c).

At the hearing, Defendant Gillins also requested a continuance in her trial, currently set for February 6, 2007, so that she may be examined Dr. Krop and so that defense counsel can review the psychological evidence report and investigate and prepare the appropriate defense strategy.  Defendant waives any speedy trial objection, and the Government does not object to the continuance.  Because trial is not appropriate until after the determination of Defendant's competency to stand trial, the motion is granted, and Defendant's trial is continued to April 10, 2007, at 12:30 p.m.

Finally, Defendant requested a continuance in her sentencing, currently scheduled for February 21, 2007, in order for counsel to interview mitigation witnesses and for Dr. Krop to conduct a psychological evaluation of Defendant.  The Government does not object to the motion.  Therefore, after considering the matter, this motion is granted, and Defendant's sentencing date is reset to Wednesday, June 20, 2007, at 2:00 p.m.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Gillins' Motion for Psychiatric Exam, Doc. 17, is granted, and a hearing to determine the mental competency of the Defendant in accordance with section 18 U.S.C. § 4247(d) is scheduled for a date to be set by future order;

2. Pursuant to 18 U.S.C. § 4241(b), Defendant shall undergo a psychological examination conducted by Dr. Harry Krop prior to the competency hearing, and Dr. Krop shall prepare a psychological report and shall file it with the court, with copies provided to the counsel for Defendant and to the attorney for the Government, prior to the hearing, under the procedures set forth in 18 U.S.C. § 4247 (b) and (c).  The report shall include:
   a. The Defendant's history and present symptoms;
   b. A description of the psychiatric, psychological, and medical tests

that were employed and their results;

    c.     The examiner's findings; and

    d.     The examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense;

3.     Dr. Krop shall contact the warden of the Alachua County Detention Center, where Defendant Gillins is presently incarcerated, to arrange the time and date of the psychological examination;

4.     Dr. Krop shall receive a fee of no less than $1,500.00 for the evaluation of Defendant and the completion and filing of his report, and if Dr. Krop testifies at the hearing, he shall receive an additional appearance fee of $350.00 per hour, for no less than two hours work;

5.     Defendant Gillins' Motion to Continue Trial, Doc. 18 in Case No. 1:06-cr-00041, is granted, and trial is continued to April 10, 2007, at 12:30 p.m.;

6.     Defendant Gillins' Motion to Continue Disposition, Doc. 84 in Case No. 1:02-cr-00029, is granted, and Defendant's sentencing is reset to Wednesday, June 20, 2007, at 2:00 p.m.

**DONE AND ORDERED** this <u>  2nd</u> day of February, 2007

<u>      *s/Maurice M. Paul*        </u>

Maurice M. Paul, Senior District Judge